United States District Court
Southern District of Texas

**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SERGIO RAMOS-ACHUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-299 |
| | § | |
| TODD BLANCHE[1], *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER</u>

Petitioner Sergio Ramos-Achuz is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, the equal protection principles incorporated within the Due Process Clause, the Suspension Clause of the United States Constitution, and violations of federal regulations.

Respondents responded to the Petition and move for summary judgment as to each of Petitioner's claims. (MSJ, Doc. 4)  Petitioner timely filed his reply. (Reply, Doc. 5)

Based on the record and the applicable law, the Court concludes that Respondents have demonstrated that the challenged claims fail as a matter of law, and that Petitioner presents no viable claim in habeas.

## I.      Status of Petitioner's Immigration Proceedings

Petitioner alleges that his "cancellation of removal application under INA § 240A(b) has been fully litigated on the merits on April 16, 2025, before the Honorable Immigration Judge M.

---

[1] Petitioner sought relief against Pamela Bondi and Kristi Noem in their official capacities as Attorney General and Secretary of the Department of Homeland Security, respectively.  Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche and Markwayne Mullin are substituted as the proper Respondents, respectively.

1 / 6

Burkhart, who has reserved her decision pending visa availability." (Pet., Doc. 1, ¶ 28)  While the allegation suggests that the Immigration Judge indicated ruling in Petitioner's favor, the record contains no evidence of such a ruling, and Respondents inform the Court that the Immigration Judge who presided over the referenced hearing no longer serves in that capacity.  While the parties appear to disagree as to the exact status of Petitioner's removal proceedings, they concur that those proceedings remain open. (*See* Motion, Doc. 4, 2–3 ("Petitioner's application for cancellation of removal will be heard by a new Immigration Judge when the immigration court has set the matter for a hearing."); Reply, Doc. 5, 2–3 (conceding that the "case remains open on the Immigration Court's docket[,]" but claiming that "[w]hat remains before the Immigration Court is ministerial"))

## II.    Due Process Claim[2]

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond. (Pet., Doc. 1, ¶¶ 68–79)  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

---

[2] To the extent that Petitioner alleges a statutory argument regarding the application of Section 1225(b)(2)(A), the Fifth Circuit has foreclosed such a claim. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

2 / 6

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[3]    For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a).  But he presents no authority to support his claim that these circumstances present a viable as-applied due process challenge.  In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

## III.    APA Claim

Petitioner states a claim under the APA, alleging that "[t]he Department of Homeland Security has acted arbitrarily and capriciously by continuing to detain Petitioner without any individualized custody assessment or reasoned explanation." (Pet., Doc. 1, ¶ 83)

Assuming that Petitioner can present an APA claim in habeas, the claim fails.  The Fifth Circuit has found the challenged statutory construction acceptable, and this Court has concluded that Petitioner has no viable due process claim.  As a result, Petitioner cannot demonstrate that Respondents have violated any statute or regulation in a manner that violates the APA.

## IV.    Equal Protection Claim

Petitioner also alleges that the "categorical denial of an individualized hearing creates an unjustifiable disparity between Petitioner and other similarly situated [8 U.S.C. § 1229a petitioners] who receive individualized custody determinations, even where those individuals entered without inspection, were apprehended long after entry, and present identical risk

---

[3] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., Ochoa v. Vergara, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); Hassen v. Noem, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

profiles." (Pet., Doc. 1, ¶ 95)  He claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction.").  While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others.  In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.  And Respondents identify additional rationale for the distinction. (*See* Mot., Doc. 4, 12 n. 3)  As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

**V.      Suspension Clause Claim**

Petitioner also alleges a claim based on the Suspension Clause. (Pet., Doc. 1, ¶¶ 102–107) That constitutional provision provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. ART. I, § 9, cl. 2.  Petitioner's cause of action based on this provision fails because the Court is considering Petitioner's habeas action–i.e., no suspension of the writ has occurred.

Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that he presents no viable claim. The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded. Other federal district courts considering similar claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr., et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

### VI.    *Accardi* Claim

Petitioner alleges that his warrantless arrest was executed in excess of statutory and regulatory authority, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). (Pet., Doc. 1, ¶¶ 108–118)  He supports this argument by observing that the arrest warrant that Respondents include with their Motion was created after Petitioner's arrest, is incomplete, and is inconsistent with other portions of the record. (Reply, Doc. 5, ¶¶ 38–39)

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the proposed *Accardi* claim.

### VII.   Conclusion

For these reasons, the Court concludes that Respondents are entitled to summary judgment to the extent indicated in this Order and that Petitioner is not entitled to the relief that he requests.

Accordingly, it is:

**ORDERED** Respondents' Motion for Summary Judgment (Doc. 4) is **GRANTED** to the extent indicated in this Order; and

**ORDERED** that Petitioner Sergio Ramos-Achuz's Complaint for Declaratory and Injunctive Relief, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 3, 2026.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge